IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>DANIEL GUTMAN and<br>BENJAMIN GUTMAN,<br><br>Defendants. | Case No. 1:20-cr-00298<br><br>(Judge Wilson)<br><br>(Electronically Filed) |

### **DEFENDANTS' RULE 35 MOTION TO CORRECT SENTENCE**

A recent decision of the U.S. Court of Appeals for the Third Circuit—which clarified Section 2B1.1 of the U.S. Sentencing Guidelines—requires that Defendants Daniel Gutman and Benjamin Gutman file this motion, pursuant to Rule 35(a) of the Federal Rules of Criminal Procedure, to correct a "clear error" in this Court's imposition of sentences on November 17, 2022. Application of the correct law would reduce the advisory Sentencing Guideline range from the 30 months imposed by the Court to a range of 8 to 14 months for each Defendant. Accordingly, Rule 35(a) permits Defendants to seek correction of their sentences.

### **DISCUSSION**

At sentencing, the Court mostly adopted the Presentence Investigation Reports ("PSRs") prepared with respect to both Defendants, which had specified offense levels of 31 under the Sentencing Guidelines. *See, e.g.*, ECF 67 at 21. The

1

Court sustained Defendants' objections to one two-level adjustment (for substantial hardship to one or more victims) and accordingly set offense levels of 29 as to each Defendant, resulting in Guideline Ranges of 87 to 108 months of incarceration, capped by statute at 60 months. *See, e.g.*, ECF 112 at 1. Citing factors including "Charitable Service/Good Works," "Employment Record," "Family Ties and Responsibilities," "Non-Violent Offender" status, and "Conduct Pre-trial/On Bond," the Court imposed a downward variance, resulting in sentences of 30 months for each Defendant. *See* at 1; ECF 109 at 2.

Critically, the Court's calculations explicitly depended on Application Note 3(F)(v) to Sec. 2B1.1, which counts as loss the value of goods involved in certain misconduct, without requiring any evidence of a relationship between that value and actual loss. At sentencing, the Court declined to adopt Defendants' argument that Application Note 3(F)(v) creates a new species of loss while diverging from the clear language of U.S.S.G. § 2B1.1 itself. *See, e.g.*, *Kisor v. Wilkie*, 139 S. Ct. 2400, 2414-16 (2019). The court found loss of $7,484,579 and because the loss was more than $3,500,000 but not more than $9,500,000, 18 levels were added. *See* ECF 67 at 20; USSG §2B1.1(b)(1)(J), Application Note 3(F)(v).

That calculation had a substantial impact on Defendants' sentences: Absent the 18-level increase for loss calculated under Application Note 3(F)(v), Defendants'

2

Guideline Ranges would have been 8 to 14 months of incarceration, even before the application of any downward variance.

Earlier today, the U.S. Court of Appeals for the Third Circuit issued a decision confirming that the Court's sentencing decision here constituted "clear error" under Rule 35. In *United States v. Banks*, No. 19-3812 (3d Cir. Nov. 30, 2022), attached as Exhibit A, the Third Circuit clarified the manner in which courts must apply Section 2B1.1 of the U.S. Sentencing Guidelines. Specifically, the Third Circuit concluded that the Guideline's plain language provides for offense-level increases only in relation to actual loss. *Id.* at 17-20. In reaching this conclusion, the Court reasoned that, "[t]he Guideline does not mention 'actual' versus 'intended' loss; that distinction only appears in the commentary. That absence alone indicates that the Guideline does not include intended loss." *Id.* at 17 (footnotes omitted).

Further, in examining the definition of "loss" the Court stated the following:

Our review of common dictionary definitions of "loss" point to an ordinary meaning of "actual loss." None of these definitions suggest an ordinary understanding that "loss" means "intended loss." To be sure, in context, "loss" could mean pecuniary or non-pecuniary loss and could mean actual or intended loss. We need not decide, however, whether one clear meaning of the word "loss" emerges broadly, covering every application of the word. **Rather, we must decide whether, in the context of a sentence enhancement for basic economic offenses, the ordinary meaning of the word "loss" is the loss the victim actually suffered. We conclude it is.**

Because the commentary expands the definition of "loss" by explaining that generally "loss is the greater of the actual loss or intended loss," we accord the commentary no weight. [The defendant] is thus entitled

3

>to be resentenced without the 12-point intended-loss enhancement in §2B1.1.

*Id.* at 19-20 (footnotes omitted) (emphasis added).

The same principle plainly applies to the Court's use of Application Note 3(F)(v). Applying the *Banks* Court's reasoning, Application Note 3(F)(v) impermissibly expands the definition of loss—from actual loss (which the Court held that the Government failed to prove in this case) to a value calculation that does not require any assessment of actual loss to a victim.

Under Rule 35(a) of the Federal Rules of Criminal Procedure, "[w]ithin 14 days after sentencing, the court may correct a sentence that resulted from arithmetical, technical, or other clear error." The Advisory Committee specifies that "clear error" extends to "those cases in which an obvious error or mistake has occurred in the sentence [that] would almost certainly result in a remand of the case to the trial court." Fed. R. Crim. P. 35 advisory committee's note to 1991 amendments. Citing Chief Justice Roberts's dissent in *Dolan v. United States*, 560 U.S. 605, 622-23 (2010), the Third Circuit has specified that "clear error" under Rule 35 is "easily identifiable and readily ascertained from the sentencing proceeding and judgment." *United States v. M.M.*, 23 F.4th 216, 221 (3d Cir. 2021).

In this instance, the Court's error is "readily ascertainable": The Court calculated loss according to an Application Note that impermissibly expands the

4

scope of U.S.S.G. § 2B1.1.  Through a correct application of § 2B1.1, Defendants should have been sentenced according to far lower offense levels.

## CONCLUSION

For the foregoing reasons, Defendants request a corrected sentence that comports with the law as clarified by the Third Circuit in *United States v. Banks*.  If necessary, Defendants further request a delay in the date on which they are required to report to prison, which is currently scheduled for this Friday, December 2.

Dated: November 30, 2022     Respectfully Submitted,

*/s/ James M. Trusty*
James M. Trusty
A. Jeff Ifrah
IFRAH LAW
1717 Pennsylvania Ave. NW
Suite 650
Washington, D.C.  20006
(202) 524-4140
(202) 524-4141 (fax)
jtrusty@ifrahlaw.com
*Counsel for Defendant Benjamin Gutman*

*/s/ Stephen A. Miller*
Stephen A. Miller
COZEN O'CONNOR
One Liberty Place
1650 Market Street, Suite 2800
Philadelphia, PA  19103
(215) 665-4736
(215) 253-6796 (fax)
samiller@cozen.com
*Counsel for Defendant Daniel Gutman*

## CERTIFICATE OF SERVICE

I certify that on November 30, 2022, I will serve the foregoing Sentencing Brief on counsel of record via the Court's electronic filing system.

Dated: November 30, 2022	Respectfully submitted,

*/s/ James M. Trusty*
James M. Trusty
IFRAH LAW
1717 Pennsylvania Ave. NW
Suite 650
Washington, D.C.  20006
(202) 524-4140
(202) 524-4141 (fax)
jtrusty@ifrahlaw.com
*Counsel for Defendant Benjamin Gutman*