IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA | : Crim. No. 1:20-CR-00298 |
| | : |
| | : |
| v. | : |
| | : |
| DANIEL GUTMAN and | : |
| BENJAMIN GUTMAN | : Judge Jennifer P. Wilson |

## ORDER

This is a criminal case in which Defendants Daniel Gutman and Benjamin Gutman each pleaded guilty to one count of conspiracy to defraud the United States and commit offenses against the United States, in violation of 18 U.S.C. § 371. On November 17, 2022, the court sentenced each Defendant to a term of imprisonment of 30 months after ruling on numerous objections to the presentence report and Defendants' arguments in support of variance. The court granted Defendants' request for voluntary surrender and ordered a surrender date of Friday, December 2, 2022. On November 30, 2022, Defendants filed a motion to correct their sentences pursuant to Federal Rule of Criminal Procedure 35, asserting that the decision by the Third Circuit Court of Appeals in *United States v. Banks*, Nos. 19-3182 & 20-2235, 2022 WL 17333797, __ F.4th __ (3d Cir. Nov. 30, 2022), which was filed after the judgments were entered in this case, compels the court to find clear error in the sentencing determinations made here. (Doc. 115.) For the reasons that follow, the court will deny Defendants' motion.

1

## BACKGROUND

On November 18, 2020, a 25-count indictment was returned against Defendants, charging them with one count of conspiracy to defraud the United States and commit offenses against the United States, in violation of 18 U.S.C. § 371, as well as 13 counts of making false statements, in violation of 18 U.S.C. §§ 1001 and 2, and 11 counts of wire fraud, in violation of 18 U.S.C. §§ 1343 and 2. (Doc. 1.) On November 2, 2021, both Defendants pleaded guilty to one count of conspiracy to defraud the United States and commit offenses against the United States. (Docs. 47, 49.)

The offense conduct giving rise to the indictment occurred from 2016 to 2020. Defendants, who are brothers and partners in a large-scale dairy cattle brokerage business, conspired with each other and multiple unindicted co-conspirators to defraud the United States Government and the offshore customers who purchased their cattle. In a nutshell, Defendants used a fraudulent scheme to avoid necessary Government oversight through the United States Department of Agriculture, and Defendants provided cattle to their customers that were not the cattle bargained for. Defendants falsely represented to the Government and their customers that the cattle were correctly tested for bovine diseases when they were not.

After reviewing the presentence report, Defendants lodged objections to each of the specific offense characteristic-based adjustments included in the presentence report, which resulted in a total upward adjustment of 24 levels from the base offense level of 6 pursuant to U.S.S.G. § 2B1.1(a)(2). The most significant is an 18-level upward adjustment based on the amount of loss. Defendants also objected to the four-level upward adjustment for their roles in the offense. (Docs. 68, 71.) Following a presentence conference, the court set a briefing schedule for counsel to present written arguments regarding the objections to the presentence report, specifically including the loss amount, and scheduling an evidentiary hearing. (Docs. 74, 75.) The parties submitted lengthy briefs addressing the objections to the presentence report and supporting exhibits. (Docs. 85, 86, 89, 90.) The court held a full-day evidentiary hearing on July 18, 2022, during which the court received additional argument, testimony, and exhibits. Following the evidentiary hearing, the parties submitted sentencing memoranda to address the factors set forth in 18 U.S.C. § 3553(a). (Docs. 95, 96, 103, 105.) In addition, the court received numerous character letters on behalf of Defendants and victim impact statements. (Docs. 97, 104, 107.)

The court ruled on Defendants' objections on the record during the sentencing hearing on November 17, 2022, sustaining the objection to a two-level adjustment pursuant to U.S.S.G. § 2B1.1(b)(2)(A)(iii), but overruling the

remaining defense objections. With respect to the 18-level adjustment for loss amount, the court concluded that reliance on Application Note 3(F)(v) to U.S.S.G. § 2B1.1 was appropriate and warranted in this case for reasons that were set forth in detail on the record. Based on the court's rulings on the objections to the presentence report, the advisory guideline range was determined to be 87 to 108 months. However, with the overlay of the statutory maximum, the guideline range was capped at 60 months. The court then considered Defendants' arguments in support of variance and granted Defendants a 50 percent variance of 30 months below the guideline range over the Government's objection. The court also granted Defendants' request for voluntary surrender over the Government's objection. (Docs. 109, 110, 111, 112.)

## DISCUSSION

Defendants now move the court to correct their sentences pursuant to Federal Rule of Criminal Procedure 35. Pursuant to this rule, the court is permitted to correct a sentence that resulted from "arithmetical, technical, or other clear error" within 14 days after sentencing. FED. R. CRIM. P. 35(a). Defendants argue that "the U.S. Court of Appeals for the Third Circuit issued a decision [in *United States v. Banks*] confirming that the Court's sentencing decision here constituted 'clear error' under Rule 35." (Doc. 115, p. 3.)[1]

---

[1] For ease of reference, the court utilizes the page numbers from the CM/ECF header.

The determination of the loss amount for purposes of U.S.S.G. § 2B1.1 has been vigorously litigated in this case. In brief, Defendants argued that there was no loss caused by their offense conduct and therefore no upward adjustment to the base offense level for loss amount. Defendants presented extensive arguments in opposition to the utilization of Application Note 3(F)(v) to assess the loss amount, including argument that the court should not rely on the Application Note based on the holdings of *Kisor v. Wilkie*, 139 S. Ct. 2400, 2415–18 (2019), *United States v. Nasir*, 17 F.4th 459, 470–71 (3d Cir. 2021) (en banc), and *United States v. Adair*, 38 F. 4th 341, 2022 U.S. App. LEXIS 18097 (3d Cir. 2022), among other authorities. In response, the Government argued that there was a loss in this case to the United States and the customers of Defendants caused by the Defendants' offense conduct, and because of the difficulty in accurately assessing the loss amount, the presentence report correctly relied on Application Note 3(F)(v).

The court carefully reviewed the arguments raised and authorities cited by Defendants and the Government regarding the determination of the loss amount prior to the sentencing hearing. Applying the holdings of *Kisor*, *Nasir*, and *Adair*, the court agreed with the parties that the meaning of "loss" within the guideline text of U.S.S.G. § 2B1.1(b)(1) was ambiguous. The court expressly did not rely on Application Note 3(A), finding that a determination of actual loss or intended loss in this case is a complex and nearly impossible endeavor for the reasons discussed

during the evidentiary hearing on July 18, 2022. Instead, the court relied on Application Note 3(F)(v), finding this method for determining the loss amount to be on point factually, reasonable, and appropriate based on the circumstances in this case. The court agreed with the parties that Application Note 3(F)(v) constitutes an official position of the Sentencing Commission, and found that the commentary was neither inconsistent with, nor an unreasonable interpretation of U.S.S.G. § 2B1.1, since the term "loss" carries many different meanings, which may include: the loss of competitive advantage for others who comply with regulations and the corresponding unwarranted gain to the defendants; the harm to consumers who received products that were not as represented; and the loss of confidence in the regulatory process. The court also concluded that Application Note 3(F)(v) is not simply a convenient litigation tactic. The court summarized by stating that Application Note 3(F)(v) is a reasonable method for the court to determine the loss amount in this case where the commentary is directly on point and reflects the Sentencing Commission's interest in effectively punishing and deterring fraudulent schemes where a regulatory body has been deceived and consumers face harm as a result.

The court has now carefully reviewed the decision in *United States v. Banks*. With respect to the determination of the loss amount for the fraud guideline, the Court held that, "in the context of a sentence enhancement for basic economic

offenses, the ordinary meaning of the word 'loss' is the loss the victim actually suffered." *Banks*, 2022 WL 17333797, at *7.  The Court found that the Guideline commentary in Application Note 3(A) "expands the definition of 'loss' by explaining that generally 'loss is the greater of actual loss or intended loss,'" and accordingly gave no weight to the commentary.  *Id*.

    This decision does not cause the court to conclude that the judgments entered against Defendants resulted from "clear error."  That is because this case does not involve a "basic economic offense" but rather a complex fraud scheme, and the determination of the loss amount relied on Application Note 3(F)(v) rather than Application Note 3(A).  Indeed, Defendants do not assert that the *Banks* decision is a change in the law that is directly on point for the determination of loss amount in this case.  Rather, they argue that this decision "confirms" the argument that they presented, prior to their sentence being imposed, that reliance on Application Note 3(F)(v) is not appropriate.  The court carefully considered the prior arguments and ruled against Defendants.  A careful review of the *Banks* decision does not lead to a different result.

## CONCLUSION

For the reasons explained above, the court denies Defendants' motion to correct the judgment. (Doc. 115.) Defendants shall surrender to the Bureau of Prisons by 2:00 p.m. on Friday, December 2, 2022.

                                    s/Jennifer P. Wilson
                                    JENNIFER P. WILSON
                                    United States District Court Judge
Dated: December 1, 2022          Middle District of Pennsylvania